UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL KASHAN,<br><br>        Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, SANTA MONICA DISTRICT; JOHN H. REID, individually and in his official capacity; EMILY M. RUSSELL, individually and in her official capacity; LESLEY MCCOWEN, individually and in her official capacity; MIKE DIAMOND; GEORGE BRAZIL; ORANGE COUNTY SERVICES, INC. d/b/a GEORGE BRAZIL PLUMBING, HEATING, AIR CONDITIONING, AND ELECTRICAL; L.A. SERVICES, INC. d/b/a GEORGE BRAZIL PLUMBING, HEATING, AND AIR CONDITIONING; DIAMOND PLUMBING INC., d/b/a GEORGE BRAZIL ELECTRICAL; and DOES 1 TO 25 inclusive,<br><br>        Defendants. | 2:07-CV-00449-PMP (LRL)<br><br>O R D E R |

Defendants Mike Diamond; Orange County Services, Inc., d/b/a George Brazil Plumbing, Heating, Air Conditioning and Electrical; L.A. Services, Inc., d/b/a George Brazil Plumbing, Heating and Air Conditioning; and Diamond Plumbing, Inc., d/b/a George Brazil Electrical filed a Motion to Dismiss (Doc. #16) on May 25, 2007. Plaintiff Michael Kashan filed an Opposition (Doc. #17) on June 13, 2007. Defendants filed a Reply (Doc. #18) on June 27, 2007.

///

## I. BACKGROUND

Plaintiff is a real estate investor and a resident of Nevada who owned property in Granada Hills, California. (Compl. [Doc. #1] at ¶¶ 12, 31.)  In October 2004, Plaintiff contacted Defendant George Brazil's ("Brazil") air conditioning repair company to service the heating and cooling system at the Granada Hills property. (Id. at ¶ 32.)  In connection with this service, Plaintiff agreed to purchase an extended maintenance program. (Id. at ¶ 35.)  Under the maintenance program's terms, the company agreed to maintain and service the heating and cooling system for one year, free of charge. (Id. at ¶ 34.)  On October 22, 2004, Defendant L.A. Services, Inc., negotiated Plaintiff's check that covered the cost of the extended maintenance program. (Id. ¶ 37.)

On June 6, 2005, Plaintiff contacted Brazil and arranged for maintenance of the heating and cooling unit on June 7, 2005. (Id. at ¶ 38.)  A technician failed to arrive during the appointed time. (Id. at ¶ 39.)  Plaintiff contacted Brazil's dispatcher, who informed Plaintiff that the technician did not have time to keep his scheduled appointment. (Id. at ¶ 40.)  Plaintiff scheduled a second appointment for June 9, 2005, which Brazil's technician again failed to keep. (Id. at ¶¶ 40-41.)  On July 23, 2005, Brazil mailed Plaintiff a coupon for $15.00, which stated, "We are sorry that we were unable to provide service that you deserve." (Id. at ¶ 45.)

On July 31, 2005, the air conditioning unit at the Granada Hills property stopped working and Plaintiff hired an independent technician, AZ Air Conditioning, to service and repair the air conditioning unit. (Id. at ¶ 42.)  AZ Air Conditioning serviced and repaired the unit, billing Plaintiff $785.00. (Id. at ¶ 43.)

Plaintiff thereafter filed an action against Defendants in the Superior Court of California. (Id. at ¶ 46.)  After the California state court declined to enter default as to Defendants, Plaintiff dismissed his state court action and filed this action against Defendants in this Court on April 6, 2007. (Id. at ¶¶ 47-54.)

## II. DISCUSSION

At the motion to dismiss stage, where the district court does not hold an evidentiary hearing, a plaintiff generally is "required only to make out a prima facie showing of personal jurisdiction to overcome a 12(b)(2) motion." Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007). However, mere "bare bones" assertions of minimum contacts with the forum state or "legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." Id.

Where no federal statute governing personal jurisdiction applies, the law of the state in which the district court sits governs. Core-Vent Corp. v. Nobel Indus., 11 F.3d 1482, 1484 (9th Cir. 1993). Nevada's long arm statute allows courts to exercise personal jurisdiction to the limits of the Nevada and United States' Constitutions. Nev. Rev. Stat. § 14.065(1). Therefore, the Court must determine whether exercise of personal jurisdiction satisfies the requirements of due process. Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1258 (9th Cir. 1989).

Due process requires that a defendant have minimum contact with the forum state such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). A federal district court may exercise either general or specific personal jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984).

### A. General Personal Jurisdiction

General personal jurisdiction exists where the non-resident defendant's contacts with the forum state are sufficiently substantial that a plaintiff may pursue a cause of action against the defendant that is unrelated to the defendant's activities in the forum state. Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 447 (1952). For general jurisdiction to exist over a nonresident defendant, the defendant must engage in continuous and systematic

3

contact with the state in which the forum is located. Helicopteros, 466 U.S. at 415-16.

**B.      Specific Personal Jurisdiction**

The Court may exercise specific personal jurisdiction over a non-resident defendant if he performs an act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its law, the claim arises out of or relates to the defendant's forum-related activities, and exercise of jurisdiction comports with fair play and substantial justice. Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). A defendant purposely avails himself if his conduct in the forum state was expressly aimed to cause injury to the plaintiff in the forum state. Calder v. Jones, 465 U.S. 783, 791 (1984); Brainerd, 873 F.2d at 1259 (finding purposeful availment when the defendant "intentionally directed his activities into the forum"). A claim arises out of the defendant's forum related activities if the plaintiff would not have suffered an injury "but for" the defendant's forum-related conduct. See Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995). In determining whether the exercise of jurisdiction over a nonresident defendant comports with fair play and substantial justice, the Court must consider seven factors:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Core-Vent, 11 F.3d at 1487-88. The Court must balance all seven factors and no factor is determinative. Id. at 1488.

Here, Plaintiff has failed to allege in the Complaint sufficient facts to establish either general or specific personal jurisdiction over Defendants. Plaintiff's Complaint contains no allegations regarding Defendants' contacts with Nevada. In Plaintiff's opposition to the motion to dismiss, he makes statements regarding Defendant Mike Diamond's contacts, but does not support them with evidence. Furthermore, Plaintiff makes

4

no statements regarding the other Defendants.  In any event, the Complaint makes no allegations regarding Defendants' contacts with Nevada and Plaintiff has presented no evidence on the issue.  Therefore, the Complaint contains no allegations supporting this Court's exercise of general jurisdiction.  Additionally, Plaintiff's Complaint does not contain any allegations showing a connection between Plaintiff's claim and Defendants' forum-related activity that would establish specific jurisdiction over Defendants.

Plaintiff has failed to show Defendants are subject to personal jurisdiction in the District of Nevada.  Therefore, the Court will dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).

## III.     CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #16) for lack of personal jurisdiction is hereby GRANTED and Plaintiff's Complaint is hereby dismissed as to Defendants Mike Diamond; Orange County Services, Inc., d/b/a George Brazil Plumbing, Heating, Air Conditioning and Electrical; L.A. Services, Inc., d/b/a George Brazil Plumbing, Heating and Air Conditioning; and Diamond Plumbing, Inc., d/b/a George Brazil Electrical.

DATED:   August 3, 2007.

_____
PHILIP M. PRO
United States District Judge